**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BARRY LOUIS LAMON,

No. 20-16284

Plaintiff-Appellant,

D.C. No. 2:18-cv-02218-TLN-CKD

v.

KATHLEEN ALLISON, Warden; et al.,

MEMORANDUM[*]

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Barry Louis Lamon appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various claims. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

district court's dismissal under Federal Rule of Civil Procedure 41(b) for failure to

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

follow the district court's orders regarding Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Lamon's action without prejudice for failure to comply with Rule 8 because, despite two opportunities to amend, Lamon's second amended complaint was prolix, confusing, and failed to allege clearly the bases for his claims. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry*, 84 F.3d at 1177-78 (no abuse of discretion in dismissing a complaint for violation of Rule 8 because the complaint was prolix, confusing, and contained irrelevant material).

The district court did not abuse its discretion by denying Lamon's motion for reconsideration because Lamon failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59 or 60).

The district court did not abuse its discretion by denying Lamon's motion for a preliminary injunction because Lamon failed to identify the relief sought in his motion. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (setting forth standard of review and requirements for a preliminary injunction). We lack jurisdiction over Lamon's appeal of the denial of his motion

for a temporary restraining order. *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (denial of a temporary restraining order is appealable only if the denial is tantamount to the denial of a preliminary injunction).

The district court did not abuse its discretion by denying Lamon's motion for appointment of counsel because Lamon failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Lamon's motion to appoint counsel (Docket Entry No. 4) is denied.

**AFFIRMED.**